## THOMPSON v. MITCHELL.

No. 20013. Opinion Filed May 19, 1931.

Rehearing Denied June 30, 1931.

A. J. Titus, Ira A. Hill, and H. L. Heiple, for plaintiff in error.

Guy D. Talbot and W. L. Owen, for defendant in error.

HEFNER, J. This is an action by Mrs. C. R. Mitchell against Thomas Thompson to recover for the conversion of hotel furniture and furnishings. The trial was to a jury, resulting in a verdict and judgment for plaintiff in the sum of $800. The defendant seeks reversal on three grounds: First, insufficiency of the evidence to support the verdict; second, rejection of competent evidence; and third, failure of the court to give a requested instruction.

It appears that on the 29th day of May, 1924, plaintiff leased a hotel located at Cherokee from defendant. Each party owned a portion of the furniture and furnishings. On October 22, 1927, a fire occurred, partially destroying the hotel and contents. After the fire, defendant moved the remaining furniture and furnishings into a vacant building. Plaintiff claims that a portion thereof belonged to her and that defendant converted the same to his own use and benefit. It is conceded by defendant that a portion of this property belonged to plaintiff, but defendant claims that it was so commingled with property belonging to him that it could not be separated; that he frequently requested plaintiff to identify her property in order that it might be delivered to her; that she refused to do so, and that suit was filed by her notwithstanding this request.

Plaintiff testified that she repeatedly demanded possession of her property; that defendant refused to deliver it for the reason, as contended by him, that she forfeited her right thereto because she failed to comply with the terms of the lease. Her testimony is corroborated by other witnesses. The jury decided this conflicting evidence in her favor. There being sufficient evidence to sustain the same, we are bound thereby.

Defendant procured and offered in evidence a tax return signed by plaintiff for the year 1926 in which she affirmatively stated that she owned no hotel or restaurant fixtures for that year. The court excluded this evidence on the ground that it was immaterial. This ruling is assigned as error. Plaintiff admitted that she failed to list the furniture for taxes. The evidence offered did not, therefore, in any manner tend to impeach her. Defendant, however, claims that the return should have been admitted as some evidence tending to establish that plaintiff did not own the furniture. We do not agree with this contention. Defendant admits that she owned a portion thereof and defended on the ground that he repeatedly requested her to identify it so that the same could be delivered to her. The issue was as to whether or not there was a conversion, and not as to whether she was a part owner of the furniture. We think the court correctly held the offered evidence immaterial.

Defendant requested the court to instruct the jury in effect that if plaintiff commingled her property with defendant's and defendant was by reason thereof unable to separate his property from plaintiff's, he had the right to take possession thereof and store it, and that he could not be held liable for conversion of the property so commingled by reason thereof. This instruction was properly refused.

Plaintiff's contention was that the defendant refused to give her permission to examine the property and take possession of the portion thereof belonging to her; that he claimed plaintiff had forfeited her right to the property for the reason that she failed

to comply with the lease contract. This was denied by defendant. The court fully submitted the issues to the jury in its general charge and fully and fairly advised the jury as to the law applicable thereto. No exceptions were taken to the instructions. The case was fairly tried. The record is free from reversible error.

Judgment is affirmed.

CLARK, V. C. J., and CULLISON, ANDREWS, and KORNEGAY, JJ., concur.

LESTER, C. J., and RILEY, SWINDALL, and McNEILL, JJ., absent.